BARRY et al. v. THOMPSON. (No. 1667.)

(Court of Civil Appeals of Texas. El Paso. Nov. 13, 1924. Rehearing Denied Dec. 31, 1924.)

1. **Landlord and tenant** ⊝�ð 161(1) — **Lessees entitled to recover value of use of personal property detained by lessors during unexpired period of rental contract.**

Where lessors terminated contract and took possession of leased premises four months before rental contract expired, and refused to deliver to lessees personal property belonging to them, lessees were entitled to recover value of use thereof during period of detention.

2. **Appeal and error** ⊝⟐672—**Assessment of exemplary damages not of itself error apparent on face of record.**

The assessment of exemplary damages would not of itself be error apparent on face of the record.

3. **Landlord and tenant** ⊝⟐161(1)—**Exemplary damages of $100 for detention of goods by lessors during unexpired period of rental contract, held not excessive.**

Exemplary damages of $100 where lessors took possession of rented premises before rent period had expired, and refused to deliver to lessees their goods except on payment of storage charges, which jury found was wrongful and done in malice, was not excessive as matter of law.

Harper, J., dissenting.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by Virginia Thompson and husband against William H. Barry and others. Judgment for plaintiff, and defendants Barry appeal. Affirmed.

J. U. Sweeney and E. C. Wade, Jr., both of El Paso, for appellants.

John T. Hill, of El Paso, for appellees.

WALTHALL, J. Virginia Thompson, joined by her husband, brought this suit against William H. Barry, Lillian Barry, Rose Eicke, Maude Wyley, and A. C. Elliott, to recover actual damages in the sum of $212.50, for the alleged conversion of certain personal property; and exemplary damages in the sum of $500 for the wrongful conversion of said property, or, in the alternative,

for the possession of said personal property, its alleged monthly rental value of $15 from July 2, 1923, during the time of its retention by defendants, and exemplary damages, as above.

Plaintiff alleged that on the 2d day of November, 1922, she entered into a verbal agreement with defendants William H. Barry and wife, by the terms of which they rented to her a certain house described, partly furnished, for the term of 1 year at $35 per month; that plaintiff should have the right to sublet the house, and to place therein such additional furnishings as she should desire, same to remain the property of plaintiff and be removed at the end of the rental period; that plaintiff placed additional furnishings in said house, described same, and stating their values, and of the aggregate value of $212.50; that the reasonable rental value of the additional furnishings is $15 per month; that soon after entering into said rental contract, plaintiff sublet said house at $55 per month, and later reduced the rent to $50 per month. That plaintiff paid defendants Barry and wife each month, the agreed monthly rental of $35, until the 2d day of July, 1923, and thereafter tendered to defendants said monthly rentals, but that defendants refused to accept same, and notified plaintiff to vacate the said premises on July 2, 1923; that on or about July 10th, defendants Barry and wife filed forceable detainer proceedings, and executed a bond with the other defendants herein as sureties, a trial was had, an appeal taken, and the term of the lease having expired the case was dismissed; that defendants assumed control and took possession of said property from and after July 2, 1923. Plaintiffs alleged demand for possession of said additional furnishings, and refusal by defendants, they claiming ownership and right to possession and demand storage for plaintiff's goods in said house.

Defendants answered by pleas, and exceptions which seem not to have been passed upon, general denial, and by special answer admit possession of "a part, but not all" of the property involved in the suit; that defendants before and on August 16, 1923, requested plaintiff, Virginia Thompson, that she come and take said property, and by answer tender the property to her, but that she refused to come and take same, and that on the last above date advised her that if she did not come and take possession of her property a storage charge of $25 per month would be made, and by cross-action state a storage charge of $160 against the property, and a lien thereon to secure the storage charge.

On special issues submitted the jury found the several items of the property, and the value of each, in the possession of Barry and wife on the 2d day of July, 1923, the values aggregating $136.30; Barry and wife con-

verted said property to their own use; plaintiff has sustained $60 actual damages; Barry and wife were actuated by malice in the conversion of said property; awarded $100 as exemplary damages; the tenancy was for a year, ending November 2, 1923; the Barrys refused to return the property to plaintiff unless storage charges were paid; a storage of $10 was allowed appellants after November 7, 1923. The conversion of the property occurred on the 2d day of July, 1923.

Judgment was rendered for plaintiffs against defendants Barry for $60 actual damages, and for $100 exemplary damages, less $10 for storage, and that the other defendants go hence without day and recover their costs. It was further adjudged that if defendants do not return the property (the time not stated), plaintiffs to have and recover of defendants Barry the value of the goods not returned, item by item, as found by the jury, and awarded to plaintiffs their writ of possession. Barry and wife excepted, and prosecute this appeal.

### Opinion.

[1] The only questions we think it proper and necessary to pass upon are the right of appellees to recover the two items of damages, $60 actual, and $100 exemplary. From the pleadings of appellee we understand the item of $60 actual damage is constituted by the loss to appellee of the value of the use of the personal effects then in the rented house during the unexpired 4 months of the rental contract period, that is, from the 2d day of July, to the 2d day of November, 1923, at $15 per month, appellants having terminated the contract and taken possession of the house 4 months before the rental contract had expired, and that, in taking possession of the premises, had failed and refused to deliver to appellees the several items of personal property belonging to appellees. The jury found for appellees on those issues. We have concluded that, under the facts pleaded and the facts found by the jury, appellees are entitled to recover the above item of actual damages.

The jury found that, in retaining the several items of property, appellants were actuated by malice, and refused to return to appellees the several items of property unless appellees would pay the storage charges thereon demanded by appellants, and for that reason the item of $100 was assessed as exemplary damages. The point suggested by appellants on the finding of the jury on the item of exemplary damage, and suggested as fundamental error, is that it is excessive and not warranted by the evidence.

[2, 3] The assessment of exemplary damage would not, of itself, be error apparent upon the face of the record. Where, as seems apparent from the evidence, appellants took possession of the rented premises before the rent period had expired, and refused to deliver to appellees their goods except upon the payment to them of storage charges, and where the jury has found that the retention of the goods for several months was wrongful and done in malice, we cannot say, as matter of law, that the amount of the damage found was excessive.

Judge HARPER does not concur in this opinion.

Finding no reversible error the case is affirmed.